Labauve, J.
The relators have applied to this Court for a writ of mandamus directing the said District Judge to show cause why a peremptory mandamus should not issue, compelling him to allow the relators a writ of fieri facias on their judgment against John E. Low, and others, No. 17,619 of the docket of the Fourth District Court of New Orleans.
They represent that they have obtained a judgment in the honorable the Fourth District Court of New Orleans, on the 13th November, and signed on the 17th of same month, 1806, against John F. Low and others, for §1471 12, with legal interest and costs of suit; that said judgment is now final, and no appeal has been taken thereupon. That on the 13th of December, 1866, they applied to the clerk of said District Court for a writ of fieri facias on said judgment, and that the said District Judge wrongfully refuses to permit the clerk of the said Court to issue a writ of fieri facias in favor of the relators, and against the said John F. Low and others, on said judgment, by reason of which the relators have sustained a denial of justice. They pray accordingly.
The rule issued as prayed for, and the said District Judge has answered that:
“ On the 30th day of October, 1866, the Foundrymen’s Cooperative Association filed a petition, and, for certain causes therein alleged, prayed for the dissolution and liquidation of said corporation, and further prayed for a judicial order decreeing that all proceedings against the said corporation be stayed.
On the 31st day of October, 1866, the said District Court of New Orleans granted said stay of proceedings, and appointed a receiver and liquidator as in cases of insolvencies, and this respondent, Judge of the said Court, signed the said order on the 31st day of October, 1866, which order, a copy of which is hereto annexed, is and still remains in force.
Logan & MacKinson instituted a suit in the Fourth District Court of New Orleans, in the month of August, 1866, against the Foundrymon’s Cooperative Association aforesaid, a copy of the petition and citation are hereto annexed, and made part of this answer.
On the 13th day of December, 1866, the plaintiffs in said suit, Logan & MacKinson, through their attorney, B. Egan, applied for a writ oi fieri facias, which was refused, and, at the suggestion of the Court, took a rule on D..A. Mullaue, the receiver appointed by this Court in the case of said corporation, to show cause why a writ of fieri facias should not issue.
*5 The rule was tried eoutradietorily with the said receiver, and after hearing evidence and argument, the Court ordered, “that this suit of Logan & MacKinson be transferred to and consolidated with the case No. 17,789 of the docket of this Court, entitled the Foundrymen’s Cooperative Association, praying for a dissolution and liquidation, and that said rule be dismissed with costs, a copy of which order is hereto annexed, and is still in force.
The suit of Logan & MacKinson, was a suit against the said Foundry-men’s Cooperative Association, and at the time the order of stay of proceedings was granted and signed, the said Logan & MacKinson had not recovered judgment. All proceedings had, after such stay of proceedings had been granted, were absolute nullities. 1 M. 193, 207; 3 M. 39; 7 B. 162; 3 An. 582, and numerous others on the same point.
On the trial of the rule, these positions were taken, and the Court sustained the well-established jurisprudence of the State on that point.
' The judgment of the said Logan & MacKinson is a mere and absolute nullity.
The fact of the existence of the order of stay of proceedings, escaped the recollection of the Court, at the time that the judgment referred to in the petition praying for a mandamus was rendered, otherwise said judgment could not have been rendered and signed by the Court. A judgment is improperly signed after a slay of proceedings, and the suit should be cumulated with the concurso. 4 N. S. 625; 7 L. 62; 2 An. 634. And it was the duty of the plaintiffs to have respected said order.
It will be borne in mind that the rule to show cause why the writ of fieri facias should not issue, and of which a copy is hereto annexed, was taken at the suggestion of the Court by the attorney of the petitioners herein, and that the alleged judgment obtained by him, is considered as a judgment against the Foundrymen’s Cooperative Association, and not an individual judgment against any particular individual.
The citation hereto annexed, shows that it was addressed to said association in their corporate capacity.
Articles 418 to 422, inclusive, of the C. C. define what a corporation is, and Articles 423 and 428 provide the mode in which they may sue or be' sued.
John F. Low, against whom the judgment was rendered, was served with a citation as representing the company, and the said citation was not directed to him in his own individual capacity; therefore, the judgment rendered is one against the Foundrymen’s Cooperative Association, and not against an individual member. 3 An. 19,541. 'What purports to be a judgment is therefore a nullity.
Besides, even if the petitioners had obtained a judgment against the. association before the order of stay of proceedings, the injunction would apply as well, for the association being dissolved and in liquidation,. necessarily all the suits against it must have been cumulated and carried on in the insolvent proceedings. See cases already cited. 3 M. 39; 4 N. S. 625; 7 E. 162; 2 An. 634.
X apprehend- that the petitioners have mistaken their remedy, if any they have; that is to say, they should appeal from the interlocutory order *6 or decision of this Court, in the matter of the rule to show cause why execution should not issue.
For these reasons it is humbly submitted that no writ of mandamus should issue as prayed for. Respectfully submitted,
(Signed) Paul E. Theard, Judge.”
It is perceived that our learned brother of the Fourth District Court of New Orleans, has given satisfactory reasons why the mandamus prayed for should not issue, and the said Judge 'has gone further than necessary; and has concluded right, in saying that the relators should have appealed from his decision in the matter of, the rule to show cause, why execution should not issue.
The question on the propriety or illegality of that decision, is not before us; it is on an appeal only that we could inquire into the proceedings of the rule and decision thereupon, which the said Judge has brought up and annexed to his answer, to show why he had refused to allow an execution to issue.
On the 13th December, 1866, on motion of B. Egan, attorney for plaintiffs in the case of Logan & MacKinson v. John F. Low, and others, etc., in the Fourth District Court of New Orleans, presided by the said Judge, it was ordered by the Court that D. A. Mullane, receiver in the case of the Foundrymen’s Cooperative Association, do show cause, on Friday, the 14th day of December, I860, at 11 o’clock, A. M., why a writ of fieri facias should not issue in the said cause.
On the said day, the said rule came on for trial, and the following decision was rendered by the Court:
“ It is ordered that this suit be transferred, and consolidated with the case No. 17,989 of the docket of this Court, entitled the Foundrymen’s Cooperative Association, praying for a dissolution and liquidation, and that said rule be dismissed, with costs.”
It seems, from the Judge’s answer herein, that no appeal has been taken from that order, and that the same is yet in full force.
It is the relators who called upon the Court to decide whether they were not entitled to an execution in the case alluded to, and, instead of taking an appeal from that decision, or submitting to it, they applied again, notwithstanding the said order refusing it, to the same Court for an execution, which the Court was bound to refuse as long as the said decision in the matter stood as a decree of the Court. Whether the decision was right or wrong, it made no difference; the Court and the parties were bound by it. This is no case for a mandamus; we cannot direct the said Judge to allow an execution to issue; it would be virtually annulling his decision refusing it, and upon which we have jurisdiction by appeal only.
The rule is dismissed and the mandamus refused, at the cost of tha' relators.